WIEDMAN *v.* WIEDMAN.

1. DIVORCE—JURISDICTION—DIVISION OF PROPERTY.

Trial court had jurisdiction in divorce proceedings to give incapacitated husband life use or net income of portion of property to which wife had record title by way of adjustment of property rights.

2. SAME—INCAPACITATED HUSBAND—EQUITY—PLEADINGS.

On adjustment of property rights in divorce proceedings husband incapacitated from work *held*, equitably entitled to net income of duplex of which wife held record title but which had been acquired through joint efforts of couple during marriage, where his bill and testimony supported such relief.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted April 12, 1934. (Docket No. 91, Calendar No. 37,666.) Decided June 4, 1934.

Bill by William Wiedman against Mary Wiedman for divorce. Cross-bill by defendant for divorce. Decree for defendant on cross-bill. Defendant appeals from decree as to property rights. Affirmed.

*Edward J. Bowman* and *Adrian W. Verspoor,* for plaintiff.

*John J. Smolenski,* for defendant.

NORTH, J. This is a suit for divorce and defendant was granted a decree on cross-bill. Neither party has appealed from this provision in the decree; but defendant has appealed from that por-

tion of the decree by which the property rights of the respective parties were fixed. The parties were married in 1900 and continued to live together in the city of Grand Rapids until plaintiff left their home in 1929 and went to reside with his relatives. Shortly prior to this plaintiff became wholly incapacitated to continue his employment, or at least practically so. Notwithstanding plaintiff's shortcomings, which included being intemperate, he was steadily employed during practically all of the period during which the parties lived together; and for most of the time he earned approximately $30 per week. At the time of the trial he was 58 years of age and defendant was two years younger. They have one child, a daughter about 30 years of age. In 1905 plaintiff acquired title by warranty deed to lots one and two of H. G. Stone's addition to the city of Grand Rapids. Later title to these lots was placed jointly in plaintiff and defendant. Still later, in 1915, plaintiff quitclaimed to defendant and she thereupon became the sole owner. The parties erected a duplex on lot two, the contract cost being $4,000. They borrowed $3,600 from a building and loan company incident to building the duplex. For a time they lived in one portion of the building, but shortly they went to live in property owned by defendant's father which they had rent free for 10 years or thereabouts. During this time the parties received rentals from both portions of the duplex. The amounts so received were substantial. Plaintiff claims that practically during the whole of the time these parties lived together he turned over his pay envelope from week to week to defendant. On the other hand defendant denies receiving plaintiff's pay envelope at all times but admits having received

it much of the time. Unquestionably defendant was a frugal wife and an energetic conservator of all moneys received by the family from any source whatever. During the marriage she was not employed outside of her own household, but beyond question she is very largely entitled to credit for having saved and accumulated the properties which the parties now possess. It is also true that plaintiff was not only steadily employed but that he was industrious and did considerable work outside his regular employment, including work in building and improving the properties of the parties hereto. As the result of their mutual efforts the duplex was ultimately paid for in full. The parties continued to have the rentals therefrom. In time they erected a brick house on the other lot at an original cost of $6,400. They occupied this property as their home. At the time of the separation it was free from any incumbrance.

In substance the decree provides that plaintiff shall have the net income from the duplex during his life. Other than this the sole ownership is in defendant of both pieces of property above mentioned, which is all of the property the parties have accumulated. Obviously the trial judge had in mind plaintiff's loss of earning power owing to his physical afflictions and sought to effect a property arrangement which would save plaintiff from becoming a public charge and at the same time prevent the property which these parties have accumulated from being dissipated. In an oral finding the trial judge said:

"This property should be conserved so far as possible, and should not be dissipated. These people have only this one daughter, who will naturally be

the object of their bounty and charity, whatever it may be, and this property should not be placed in a position whereby it could be dissipated.''

We think the disposition of the property rights of these parties made by the decree of the trial judge is fair and equitable.

Appellant objects to the decree on the ground that the trial judge had no jurisdiction to give plaintiff the life use or net income of the duplex property. Appellant's position in this regard is based upon the fact that she was the sole owner of the property. It is stated in her brief:

''It is our contention that this is not a division of the property of said parties, within the meaning of the law. This provides for an income for the man, so that he may be supported and cared for. This is an order for alimony for the man.''

The difficulty with appellant's contention is that this is not an order for alimony. Instead it is an adjustment of the property rights of the parties over which the trial court had jurisdiction. While the record title to the property was in the wife, plaintiff alleged in his bill of complaint that defendant persuaded him to deed the property to her upon the representation that otherwise he would be discharged from the employment which he then had, which threat was also made to defendant by his superior, and that defendant promised and assured plaintiff that the conveyance to her would be only temporary and later she would restore to him his rights in the property. Plaintiff claims that he often demanded a reconveyance of the property or an adjustment of his rights therein. This was never accomplished until by the decree in the divorce case. Not only did plaintiff seek an adjustment of the property rights of the parties by the prayer in his

bill, but he offered testimony which sustained his position and justified the decree made by the superior court.

It is affirmed, but no costs will be awarded.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.